# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Trustees of the Electrical Welfare : | |
| Trust Fund: Andrew Porter; : | |
| Sven Sahkul; Thomas Lawall; : | |
| and Ramiro Ramos : | |
| : | |
| Trustees of the Electrical Workers : | |
| Local No. 26 Pension Trust Fund: : | |
| Michael Hoyt; Ronald Bryant; : | |
| Jon Eugenio; Michael Toman; : | |
| Charles E. Graham, Jr.; and Ramiro Ramos : | |
| : | |
| Trustees of the Electrical Local No. 26 : | |
| Joint Apprenticeship and Training : | |
| Trust Fund: Charles E. Graham, Jr.; : | |
| Andrew A. Porter; Ramiro Ramos; Wayne Butler; : | |
| Larry Silverberg; and Michael McArtor : | |
| : | |
| Trustees of the Electrical Workers : | |
| Local No. 26 Individual Account Fund: : | |
| William E. Briggs; Michael Dugan; : | |
| Barry T. Mates; Frank E. Ladbush; : | |
| Michael Shoemaker; and Randolph Scott : | |
| 10003 Derekwood Lane, Suite 130 : | |
| Lanham, Maryland 20706 : | |
| : | Civil Action No.: _____ |
| Andrew A. Porter, Collection Agent for : | |
| The National Electrical Benefit Fund : | |
| National Electrical Contractors Association : | |
| Washington D.C. Chapter and the National and : | |
| Local Labor Management Cooperation Committees : | |
| 4200 Evergreen Lane, Suite 335 : | |
| Annandale, Virginia  22003 : | |
| : | |
| and : | |
| : | |
| Charles E. Graham Jr. : | |
| Local Union No. 26 : | |
| International Brotherhood of Electrical Workers : | |
| 4371 Parliament Place : | |
| Lanham, Maryland 20706 : | |
| : | |
| Plaintiffs, : | |
| : | |

|  |  |
|---|---|
| v. | : |
|  | : |
| CAPITOL CONTROLS, INC. | : |
| 26689 Louise Court | : |
| Mechanicsville, MD 20659-2589 | : |
|  | : |
| Defendant. | : |
|  | : |
| Serve: | : |
|  | : |
| National Registered Agents, Inc. of MD | : |
| 351 W. Camden Street | : |
| Baltimore, MD 21201 | : |

## COMPLAINT
(ERISA/LMRA)
(Failure to pay contributions to multi-employer plans)

## COUNT I

1. Plaintiffs Andrew Porter, Sven Sahkul, Thomas Lawall, and Ramiro Ramos bring this action in their capacities as Trustees of the Electrical Welfare Trust Fund ("Welfare Fund"). Plaintiffs Michael Hoyt, Ronald Bryant, Jon Eugenio, Michael Toman, Charles E. Graham, Jr., and Ramiro Ramos bring this action in their capacities as Trustees of the Electrical Workers Local No. 26 ("Local 26") Pension Trust Fund ("Pension Fund"). Plaintiffs Charles E. Graham, Jr., Andrew A. Porter Ramiro Ramos, Wayne Butler, Larry Silverberg, and Michael McArtor bring this action in their capacities as Trustees of the Local No. 26 Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund"). Plaintiffs William E. Briggs, Michael Dugan, Barry T. Mates, Frank E. Ladbush, Randolph Scott, and Michael Shoemaker bring this action in their capacities as Trustees of the Local No. 26 Individual Account Fund ("Account Fund"). Plaintiff, Andrew A. Porter brings this action in his capacity as Collection Agent for the National Electrical Benefit Fund ("NEBF" and the National and Local Labor Management Cooperation Committees ("NLMCC" and "LMCC").

Plaintiff, Charles E. Graham, Jr. brings this action in his capacity as Collection Agent for Local No. 26. (Hereinafter sometimes referred to collectively as "Trustees" and "Funds.").

2. The Funds were established and are maintained as the result of collective bargaining pursuant to Section 302(c)(5), (6) of the Labor-Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 186(c)(5), (6).

3. The Funds are administered in the State of Maryland.

4. The plans of which the Funds are part ("Plans") are "multi-employer plans" within the meaning of Section 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).

5. The Trustees are "fiduciaries" of the Plans within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Defendant, CAPITOL CONTROLS, INC. (herein referred to as "Capital Controls") is a Maryland corporation that is a signatory to a Collective Bargaining Agreement ("CBA"), has made contributions to the Funds, and is, therefore, subject to the jurisdiction of this Court.

7. Plaintiffs bring this action pursuant to 29 U.S.C. §§ 1132, 1145, and pursuant to 29 U.S.C. § 185, to enforce defendant's obligation to contribute to the Funds and to enforce their rights arising out of defendant's violation of the CBA.

8. This Court has jurisdiction and venue of the causes of action herein alleged pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185.

9. At all times relevant to this action, Defendant had been bound by the terms of a CBA between itself and Local 26, International Brotherhood of Electrical Workers, and the National Electrical Contractors Association, Washington, D.C. Chapter.

10. The CBA, among other things, requires Defendant to make contributions to the Funds at specified rates, and binds Defendant to the terms and conditions of the Agreements and Declarations of Trust ("Trust Agreements") establishing the Funds.

11. Pursuant to terms of the CBA and the Trust Agreements, Defendant is required to:

(a) submit to Plaintiffs within 30 days of the end of the month in which the contribution liability was incurred contribution reports listing the name of each person employed pursuant to the CBA and the number of compensable hours of wages paid to each such person during the relevant month;

(b) submit payments to the Funds in the amounts due under the CBA;

(c) if contributions are paid after the due date, pay to the Funds interest at the rate of 2% for the first 15 days of delinquency, 2% for the next 15 days, and 2% per month or portion of a month thereafter, calculated from the due date through the date of payment, and pay liquidated damages in an amount equal to the greater of 20% of the contributions owed, or $50.00;

(d) pay attorneys' fees and costs incurred by the Trustees in collecting the amounts due the Funds; and

(e) make payment for dues of members to Local Union No. 26, International Brotherhood of Electrical Workers.

12. Defendant has failed to make contributions and failed to submit reports to the Funds based on work performed from September 1, 2015 through February 2016 as required under the CBA. Defendant therefore owes to plaintiffs contributions, liquidated damages, and interest to the Funds for these periods.

13. Pursuant to the CBA and Trust Agreements, Defendant is liable for legal fees and

expenses incurred by Plaintiffs as a result of any delinquencies and actions taken by Plaintiffs to recover the amounts due, including but not limited to filing a civil action to recover such amounts due.

14. Plaintiffs have demanded payment by the Defendant of these delinquent amounts, but Defendant has failed and refused to pay these amounts to the Funds.

15. Defendant's continued failure to pay its contributions on a timely basis creates a significant risk that contributions due during the pendency of this lawsuit will not be paid.

**WHEREFORE**,

(1) Plaintiffs Trustees of the Welfare Fund demand judgment against Defendant:

  (a) in the full amount of contributions, liquidated damages, and interest due and owing; or

  (b) in the full amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

(2) Plaintiffs Trustees of the Pension Fund demand judgment against Defendant:

  (a) in the full amount of contributions, liquidated damages, and interest due and owing; or

  (b) in the full amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

(3) Plaintiffs Trustees of the Apprenticeship Fund demand judgment against Defendant:

  (a) in the full amount of contributions, liquidated damages, and interest due and owing; or

  (b) in the full amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

(4) Plaintiffs Trustees of the Account Fund demand judgment against Defendant:

    (a) in the full amount of contributions, liquidated damages, and interest due and owing; or

    (b) in the full amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

(5) Plaintiff Collection Agent for National Electrical Benefit Fund demands judgment against Defendant in the full amount due and owing of union dues:

    (a) in the full amount of contributions, liquidated damages, and interest due and owing; or

    (b) in the full amounts becoming due as a result of the audit performed prior to the entry of Judgment herein;

(6) Plaintiff Local Union No. 26, IBEW demands judgment against Defendant in the full amount due and owing of union dues; or in the alternative, an estimated amount; and any amounts becoming due prior to the entry of Judgment herein.

(7) Plaintiffs the National and Local Labor Management Cooperation Committees demand judgment against Defendant in the full amount due and owing.

(8) Plaintiffs demand judgment against Defendant in an amount equivalent to their attorneys' fees and costs pursuant to: (a) Section 502(g) of ERISA, 29 U.S.C. §1132(g)(2); and (b) the Collective Bargaining Agreement entered into by the parties and (c) the terms of the Trust Agreements.

(9) Plaintiffs request such other and further relief as the Court may deem just and proper.

## **COUNT II**

16.  Plaintiffs incorporate by reference paragraphs 1 through 15 of the Complaint as if fully stated herein.

17.  Defendant has repeatedly failed to pay, or failed to pay timely, the amounts required by the terms of the CBA to be paid to the Funds in contributions, and, therefore, has consistently been in breach of the terms of the CBA and in violation of the terms of the Trust Agreements and 29 U.S.C. § 1145.

18.  As a result of Defendant's failure, Plaintiffs are forced to incur expenses, and plaintiffs and their agents are forced to expend time, in attempting to collect the amounts due the Funds, thereby depleting the resources of the Funds and otherwise detracting from the ability of the Funds to provide maximum benefits to participants and beneficiaries.  Furthermore, depending upon the particular circumstances, the Funds may be required to pay benefits to participants and beneficiaries without having received contribution payments in a timely fashion or to deny benefits to such persons, in either event causing substantial and irreparable harm to the Funds and to such persons.

19.  As a result of the alleged damages and because the Plaintiffs would be forced to institute repeated lawsuits to enforce their rights, Plaintiffs are without an adequate remedy at law.

WHEREFORE, Plaintiffs demand that (1) Defendant provide to Plaintiffs a full and complete accounting of all amounts due to Plaintiffs from Defendant, and (2) Defendant be permanently enjoined from failing and refusing to submit contribution reports to the Funds listing the number of compensable hours of wages paid to its employees who are employed pursuant to the CBA and the Trust Agreements, and from failing and refusing to pay the contributions owed Funds

by the date such payments are due, and (3) Defendant pay all delinquent contributions, interest, liquidated damages, audit fees, and attorney's fees due to the Plaintiffs.

**WHEREFORE**, Plaintiffs demand that (1) Defendant make its business records available to Plaintiffs and their Independent Auditor in order to allow them to conduct a full and complete audit of said business records to determine all amounts due to Plaintiffs from Defendant, (2) Defendant be permanently enjoined from failing and refusing to make its business records available to Plaintiffs and their Independent Auditor in order to conduct full and complete audits as provided by the CBA and Trust Agreements to determine all amounts due Plaintiffs from Defendant, and (3) Defendant pay all delinquent contributions, interest, liquidated damages, audit fees, and attorney's fees due to the Plaintiffs.

        Respectfully submitted,

        McChesney & Dale, P.C.

By:    /s/_____
        Charles F. Fuller,
        MD Bar No. 05557
        4000 Mitchellville Road, Suite 222
        Bowie, MD  20716
        (301) 805-6080 (office)
        (301) 805-6086 (fax)
        chuck@dalelaw.com
        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Complaint was mailed, first class, postage prepaid this 8th day of April, 2016, to:

The Honorable Thomas E. Perez
Secretary of Labor
U.S. Department of Labor
200 Constitution Avenue, NW
Washington, DC  20210

The Honorable Jacob J. Lew
Secretary of the Treasury
15th and Pennsylvania Avenue, NW
Washington, DC  20220

                                                                  /s/_____
                                                                  Charles F. Fuller